IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                        24-CR-59

HADI MATAR,

        Defendant.

**PROTECTIVE ORDER**

1.     The Court has before it the Government's Motion for Protective Order Governing Unclasified Discovery. The order has been discussed with and shown to the defendant's attorney, Nathanial Barone, Esq. Defense counsel has no objection to the terms of this Protective Order.

2.     Upon the motion of the government, and the agreement of the parties, pursuant to Federal Rule of Criminal Procedure 16(d) and 18 U.S.C. §§ 3771(a)(1) and 3771(a)(8), it is hereby ORDERED:

3.     Except as set forth in footnote one, this protective order governs all discovery material in any format (written or electronic) that is produced by the government in the above-captioned case.[1]

4.     Discovery in this case is voluminous and many of these materials and documents include personally identifiable information (PII) such as Social Security Numbers,

---

[1] This Protective Order does not apply to any discovery material, in any form, that is classified or which contains classified information.

dates of birth, addresses, financial account numbers, and other personal identifiers. Such materials also include video recordings of the crime, crime scene photographs, grand jury materials, and other law enforcement sensitive materials.

5.      Disclosure of discovery materials will be restricted to the "state prosecution team" and the "defense team" with the limited exceptions set forth below. The "state prosecution team" shall be limited to employees of the Chautauqua County District Attorney's Office, including attorneys, investigators, paralegals, law clerks, testifying and consulting experts, and legal assistants. The "defense team" is limited to federal and state defense counsel of record, and any individuals working on this matter in collaboration with or under the supervision of federal and state defense counsel, including attorneys, investigators, paralegals, law clerks, testifying and consulting experts, and legal assistants. For purposes of this order, the defense team does not include the defendant. Defense team members shall not disclose discovery materials or their contents, directly or indirectly, to any persons outside of the defense team, except as specifically set forth below.

6.      Defense counsel shall inform any defense team members to whom disclosure of discovery materials is made of the existence and terms of this Protective Order and shall obtain a signed acknowledgement by the defense team member.

7.      Defense team members shall retain custody of all copies of the discovery materials. Defense team members shall use discovery materials only for the purpose of preparing a defense to the above-captioned case. Defense team members may review the discovery materials with potential witnesses and/or their counsel for the purposes of defense and trial preparation in the above-captioned case, provided that the potential witnesses and/or their counsel may review the materials only in the presence of a defense team member

and may not take notes regcirding the content of the discovery materials. If the state prosecution team or the defense team wish to use discovery material in the course the defendant's prosecution in <u>People of New York v. Matar</u>, 70563-22, the state prosecution team and/or the defense team must first seek the concurrence of the United States Attorney's Office.

        8.    The defense team may provide discovery materials to the defendant, subject to the following conditions:

        a. The defendant shall use discovery materials only for the purpose of assisting the defense team with preparing a defense to this case;

        b. The defendant may review the discovery materials only in the presence of the defense team;

        c. The defendant may not provide copies of the discovery materials to any third parties; and

        d. The defendant shall not be permitted to possess or maintain any discovery materials or any notes made while reviewing those materials.

        9.    Defense counsel shall not disclose any discovery materials to a third party unless this Court, having considered the privacy and security interests of victims and witnesses, determines there is good cause for the disclosure. If this Court grants disclosure of any discovery materials to a third party, the defense team shall redact all Personally Identifiable Information (PII) before sharing the discovery materials with the third party. Defense counsel shall inform any third party to whom disclosure of discovery materials is made of the existence and terms of this Protective Order and shall obtain a signed acknowledgement by the third party.

10.     Prior to filing any pre-trial motions or other filings that reference or discuss discovery material, defense counsel shall consult with the United States Attorney's Office with regard to whether such filing should be filed under seal, in whole or in part.

11.     Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper. Any modifications of this Protective Order will be done only by order of the Court. Until the Court rules on any such motion, no disclosure of discovery materials shall be made, except in compliance with this Protective Order.

12.     At the conclusion of this criminal matter, including any appeals or postconviction proceedings, the defense team shall return to the United States all discovery materials and any copies thereof.

13.     This Protective Order shall survive the termination of this case.

DATED:  Buffalo, New York, August 5, 2024.

/s/Jeremiah J. McCarthy
 HON. JEREMIAH J. McCARTHY
United States Magistrate Judge