UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                     Docket No.: 1:24-cr-00059-RJA - JJM

HADI MATAR                             **NOTICE OF MOTION**

            Defendant.

---

| | |
|---|---|
| **MOTION BY:** | Nathaniel Barone, Esq., Lead Counsel<br>Andrew D. Brautigam, Esq., co-counsel<br>Attorneys for the Defendant Hadi Matar. |
| **DATE, TIME & PLACE:** | Before the Honorable Jeremiah McCarthy, United States Magistrate Judge, Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York, on **June 23, 2025 at 2:00 p.m.** |
| **SUPPORTING PAPERS:** | Affirmation of Andrew D. Brautigam, Esq., Dated May 23, 2025. |
| **RELIEF REQUESTED:** | Suppression of Physical Evidence, Discovery, Disclosure, *Brady* Material, Further Motions. |
| **DATED:** | Fredonia, New York, May 23, 2025. |

                                          **/s/ Nathaniel Barone**
                                          **Nathaniel Barone, Esq.**
                                          PO Box 348, Ashville, NY 14710
                                          Nedbarone2@yahoo.com (716) 969-2196
                                          Lead Counsel for Defendant Hadi Matar

                                          Andrew D. Brautigam, Esq.
                                          andrewbrautigam@brautigamlaw.com
                                          *Co-Counsel for Defendant* Hadi Matar

**TO:**   Tim Lynch, Esq.
Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,                    Docket No.: 1:24-cr-00059-RJA - JJM

v.                                           **AFFIRMATION**

HADI MATAR

      Defendant.

---

**NATHANIEL BARONE, LEAD COUNSEL, through ANDREW D. BRAUTIGAM, co-counsel,** affirms under penalty of perjury that:

1) I represent the defendant, Hadi Matar. Mr. Matar has been charged with two felony offenses: Attempted Murder, and Attempted Material Support of a Terrorist Organization. The first charge is based solely on an incident which occurred at the Chautauqua Institute on August 12, 2022, while the second charge is based on evidence seized in a series of searches conducted of Mr. Matar's electronic devices, search warrants executed on digital service providers, and search warrants executed on social media companies which purport to show Mr. Matar's attempts to aid a terrorist organization.

2) In this motion I seek the following relief:

    **I.**     **SUPPRESSION OF EVIDENCE**

    **II.**     **DISCOVERY AND INSPECTION**

    **III.**     *BRADY* **MATERIAL**

    **IV.**     **MOTION FOR DISCLOSURE OF EVIDENCE TO FEDERAL RULES OF EVIDENCE 404(b), 608 AND 609**

     **V.**      **DISCLOSURE OF WITNESSES' STATEMENTS**

     **VI.**     **PRESERVATION OF ROUGH NOTES**

     **VII.**    **FURTHER RELIEF**

     **I.**      **SUPRESSION OF DIGITAL EVIDENCE**

3)    As part of its discovery disclosures, the Government provided to the Defense voluminous digital discovery encompassing what purports to be Mr. Matar's activities on a variety of websites and applications, including social media activity alleged to belong to Mr. Matar.

4)    The materials provided indicate an over-broad application or set of applications, and the search warrants issued are over-broad, or, alternatively, the searches exceed the scope of the warrants issued.

5)    Defendant requests full disclosure of the search warrant applications and the affidavits relied upon in the issuance of those warrants, or, in the alternative, in-camera review of all of the supporting documents, affidavits, witness statements, and any other materials relied on in the issuance of each warrant in this matter.

6)    Further, Defendant requests a hearing pursuant to *Franks* as the allegations contained in the search warrant applications contain information that the Government knew or should have known to be false at the time it was offered to the Court.

7)    Finally, Defendant requests suppression of the digital materials seized in this matter as the warrants are facially overbroad and resulted in the production of documents far beyond the scope of any reasonable inquiry.

## II. DISCOVERY AND INSPECTION

12. The Government has provided discovery to the defense. Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A),(B),(D),(E),(F), & (G) the Defendant now moves to compel discovery of any items, or information to which the Defendant is entitled, but was not previously provided. Specifically, we request the following:

   a. A copy or inspection of any and all items seized on the day of Defendant's arrest;

   b. Any and all audio and/or video recordings made in this case and any transcripts, draft or otherwise, prepared of those recordings;

   c. Any and all photographs regarding the Defendant's arrest;

   d. Disclosure of the names and identities of expert witnesses that the Government intends to call at trial, their qualifications, subject of testimony, and reports and the results of tests, examinations or experiments which are material to the preparation of Defendant's defense or which are intended for use by the Government in its evidence-in-chief at trial.

   e. Pursuant to Rule 12(b)(4) of the Federal Rules of Criminal Procedure, the Defendant requests written notification of any evidence the Government intends to use at its case-in-chief that may, in any way, be subject to a motion to suppress in which the Defendant is entitled to discover pursuant to Rule 16. Although the Government has provided extensive discovery, it is unclear exactly what evidence and statement it intends to use at trial.

## III. *BRADY* MATERIAL

13. The Defendant moves for an Order compelling the Government to disclose all potentially favorable evidence, including, but not limited to: statements, grand jury testimony, witnesses, books, papers, reports, photographs, handwritten notes, synopses

3

of statements made by witnesses, or any other tangible items of evidence in the custody and control of the Government, or any Governmental agency, or agents working with, or under the supervision of the Government. *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Agurs*, 427 U.S. 97 (1976); *United States v. Giglio*, 405 U.S. 150 (1972); *Napue v. Illinois*, 360 U.S. 264 (1959).

14. Due process requires that the defense be given *Brady/Giglio* material in advance of trial so that investigatory leads may be pursued in sufficient time to permit a full preparation of the Defendant's case. *United States ex rel. Lucas v. Regan*, 503 F.2d 1, 3 n.1 (2d Cir. 1974), *cert. denied*, 420 U.S. 939 (1975); *United States v. Agajanian*, 852 F.2d 56 (2d Cir. 1988); *United States v. Bejasa*, 904 F.2d 137, 140-141 (2d Cir. 1990); *Arizona v. Youngblood*, 109 S.Ct. 333 (1988); *Grant v. Alldredge*, 498 F.2d 376 (2d Cir. 1974); *United States v. Cobb*, 271 F.Supp. 159, 163 (S.D.N.Y. 1967).

15. In this case, it is impossible, and indeed not required under *United States v. Agurs*, *supra*, to make a specific request for all available *Brady* material. Nevertheless, the disclosure and production should include, but not be limited to, the following:

    a. Any written or recorded statements, admissions or confessions made by any witness, and the name and address of any such individual, which may be exculpatory, non-incriminatory, or otherwise favorable to the Defendant, or any summaries, synopsis, notes, memoranda, or resumes thereof, regardless of whether such statements are reduced to writing and regardless of whether the prosecution intends to use such statements at the trial herein;

    b. The name and address of any other witness who might have favorable evidence as to the Defendant, which are known, or which by the exercise of due diligence shall or should become known to the Government;

    c. Any notes, memoranda, summaries, reports, or statements of any kind prepared in connection with the investigation of this case which are in any way favorable to the defense including notes prepared by the Government or any of its agents in connection with either the review of documents or the interview or other conversations with witnesses or other individuals contacted in connection with this case;

    d. Any and all prior criminal records of any witnesses intended to be used in any fashion by the prosecution, or any other such information demonstrating the commission on their part, or participation therein, of any so-called "bad acts" or other instances of immoral or criminal conduct, or conduct indicating a lack of veracity;

    e. Any and all statements, memoranda or other similar notations or information which would in any way reflect inconsistent statements made by any witness contacted by the Government, or any such individual engaged in lying or other conduct calculated to conceal the truth or improperly reflect facts;

    f. Any information tending to indicate that information supplied by a particular document or witness contradicts or is contradicted by a different document or witness; and;

    g. Any and all surveillance reports of the Defendant and any witness covering the period of time relevant to the offense charged which qualify as *Brady/Giglio* material.

  16. Counsel specifically reserves the right to make additional requests for the materialcovered above at the time this motion is argued, or at such other time as the existence of such materials shall become known to counsel for the Defendant, and it is respectfully requested that the prosecution be admonished that its duty under *Brady/Giglio* is a continuing one.

## Timing of the Disclosure

  17. These duties impose on the Government an obligation to make such disclosures not only to aid the accused in his preparation for trial, but also in his

determination of whether or not to plead guilty. As stated by the Second Circuit in *United States v. Avellino*, 136 F.3d at 255, citing *Tate v. Wood*, 963 F.2d 20 (2d Cir. 1992):

18. The government's obligation to make such disclosures is pertinent not only to an accused's preparation for trial, but also to his determination of whether or not to plead guilty. The defendant is entitled to make that decision with full awareness of favorable material evidence known to the government.

19. As such, this information should be disclosed immediately as well as all favorable evidence discovered hereafter.

### IV. MOTION FOR DISCLOSURE OF EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 404(b), 608 AND 609

**Federal Rule of Evidence 404(b)**

20. Pursuant to Federal Rules of Criminal Procedure 12(b)(4), (d)(1) and (2) and Federal Rules of Evidence 104(a) and 404(b), the Defendant respectfully requests that the Government notify the Defendant of any evidence that the Government contends would be admissible under Fed.R.Evid. 404(b).

21. In order to permit the Defendant the opportunity to file appropriate motions prior to trial, he requests that he be fully apprised of "evidence of other crimes, wrongs, or acts" or transactions involving the Defendant which are outside the scope of the indictment and which the Government will seek to introduce to demonstrate "motive, or absence of mistake or accident." Fed.R.Evid. 404(b).

22. The defense should be put on notice of the exact nature of this evidence, the witnesses pertaining thereto, the documents in support thereof, and the theory upon

which the Government asserts that admissibility rests. By so notifying the defense in advance of trial, the Defendant can file appropriate motion(s) *in limine* prior to trial and afford the Court the occasion to make pretrial determinations regarding the admissibility of any potential Rule 404(b) evidence proffered by the prosecution.

23. The pretrial determination of this evidentiary question will serve the smooth operation of the trial, eliminate possible extraneous objections and assist both the Government and defense counsel in the presentation of evidence.

### Federal Rule of Evidence 608

24. The Defendant also requests, pursuant to Rules 608 and 609, pretrial disclosure of any and all evidence the Government intends to use to impeach the Defendant's credibility if he should choose to testify. In the event the Government intends to use such evidence, the Defendant requests a pretrial hearing to determine the admissibility of such evidence.

25. Rule 608(b) allows use of specific instances of misconduct against a witness. In the event the Government intends to use specific instances of misconduct against the Defendant if he testifies, it is requested that such instances be disclosed prior to trial.

### Federal Rule of Evidence 609

26. Rule 609 of the Federal Rules of Evidence allows for use of certain prior convictions to impeach the credibility of the Defendant, should he testify at trial. The defense requests notice of any intent to use such information.

## V.     DISCLOSURE OF WITNESSES' STATEMENTS

27.    The Defendant moves for disclosure of witnesses' statements pursuant to 18 U.S.C. § 3500 ("*Jencks* Act") and Rule 26.2 of the Federal Rules of Criminal Procedure, the Defendant is entitled to each witness statement after the witness has completed his or her testimony on direct examination.

28.    The Defendant moves for an order requiring production of *Jencks* Act materials, namely, all statements and reports in the possession of the United States which were made by Government witnesses or prospective Government witnesses and which relate to the subject matter about which those witnesses may testify, as per the *Jencks* Act, 18 U.S.C. § 3500, and Rule 26.2, Federal Rules of Criminal Procedure.

      a.    The term "statements" shall include:

          i.    any written statement made by a witness and signed or otherwise adopted or approved by him;

          ii.    stenographic, mechanical, electronic or other recording, or transcriptions thereof, which are a substantially verbatim recital of an oral statement made by a witness and recorded contemporaneously with the making of such oral statement;

          iii.    a statement, however taken or recorded, or a transcription thereof, if any, made by a witness to a grand jury;

          iv.    records of statements made to a Government agent which fairly and fully reflect the statements made without distortion, *United States v. Scotti*, 47 F.3d 1237 (2d Cir. 1995);

          v.    Any and all rough notes of witness interview(s) taken or obtained in any investigation of the Defendant including federal, state, local, and other investigations whether or not the contents thereof have been incorporated in official records;

    vi. Any notes and memoranda made by Government counsel during the interview of any witness(es) intended to be called by the Government in their direct case, *Goldberg v. United States*, 425 U.S. 94, 101-108 (1976); and

    vii. All surveillance reports made or adopted by a witness. *United States v. Petito*, 671 F.2d 68, 71 (2d Cir. 1981).

### Timing of Disclosure

29. The Defendant seeks production of the statements prior to trial for the purposes of judicial economy, to expedite discovery and the trial of this case, and to avoid potential problems on the issue of whether all material has been tendered pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. Although a District Court may not ordinarily compel disclosure of *Jencks* material prior to the conclusion of a witness' direct examination, early disclosure of *Jencks* material obviates trial interruptions and permits defense counsel to study the disclosures. *See United States v. Campagnuolo*, 592 F.2d 852, 858 n.3 (5th Cir. 1979). Courts have on a case-by-case basis, invoked their discretion to require production of *Jencks* Act statements in advance of the trial so that unnecessary delays will not take place during the course of the trial. *See United States v. Percevault*, 490 F.2d 126, 132 (2d Cir. 1974); *United States v. Feola*, 651 F. Supp. 1068, 1139-40 (S.D.N.Y. 1987).

### VII. PRESERVATION OF ROUGH NOTES

30. Defendant moves for an order of this Court requiring all federal, state or local agents and officers who participated in the investigation of the Defendant to retain and preserve all rough notes taken as part of their investigation, whether or not the contents of the notes are incorporated in official records. This motion is made so that the

9

trial court can determine whether disclosure of the notes is required under *Brady, Agurs, Giglio*, the *Jencks* Act (18 U.S.C. § 3500), Rule 26.2 of the Federal Rules of Criminal Procedure, and/or the Fifth and Sixth Amendments of the United States Constitution.

31.    The defense also requests that this Court direct the Government to preserve notes made by Government witnesses, including state and local authorities, in the event they later became discoverable as either the Defendant's statement, or that of another witness. *United States v. Scotti*, 47 F.3d 1237 (2d Cir. 1995).

## VIII.    JOINDER WITH MOTIONS OF CODEFENDANTS

32.    Defendant respectfully requests permission to join in the motions of his codefendants where applicable and appropriate.

## IX.    ADDITIONAL MOTIONS

33.    The Defendant respectfully reserves the right to make further and additional motions, or submit additional briefing, which may be necessitated by the Court's rulings on the relief sought herein.

34.    The specific requests contained in these motions are not meant to limit or preclude future requests by the Defendant for further relief from this Court as appropriate.

35.    The Defendant requests that this Court grant such other and further relief as is just and proper.

**DATED:**  Ashville, New York, May 23, 2025.

Respectfully submitted,

**/s/  Nathaniel Barone**
**Nathaniel Barone, Esq.**
PO Box 348, Ashville, NY 14710
Nedbarone2@yahoo.com (716) 969-2196
Lead Counsel for Defendant Hadi Matar

Andrew D. Brautigam, Esq.
andrewbrautigam@brautigamlaw.com
*Co-Counsel for Defendant* Hadi Matar

**TO:**   Tim Lynch
         Assistant United States Attorney