UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

HADI MATAR,

          Defendant.

REPORT, RECOMMENDATION AND ORDER

Case No. 1:24-cr-59-RJA-JJM

---

Defendant Hadi Matar is charged in a July 17, 2024 Indictment [1][1] with attempting to provide material support to a foreign terrorist organization, an act of terrorism transcending national boundaries, and providing material support to terrorists. Before the court is Matar's motion for suppression of evidence and other relief [28], which has been referred to me by District Judge Richard J. Arcara for initial consideration [7].

Matar agrees that with the exception of his request for suppression of evidence, the reminder of his motion has been resolved. Having reviewed the parties' submissions [28, 30, 31] and heard oral argument on June 23, 2025 [33], for the following reasons I recommend that the motion be denied.

## DISCUSSION

Matar seeks to suppress evidence obtained by the government pursuant to search warrants dated August 20, 2022 (22-mj-5072), October 11, 2022 (22-mj-167), and April 14, 2023 (23-rmj-5059). He argues that "the search warrants issued are over-broad, or, alternatively, the searches exceed the scope of the warrants issued" (Barone Affirmation [28] at 3, ¶4), but offers no factual or legal support for that argument.

---

[1]     Bracketed references are to CM/ECF bracket entries, and page references are to CM/ECF pagination.

"A skeletal argument, unsupported by relevant authority or reasoning, is merely an assertion which does not sufficiently raise the issue to merit the court's consideration." Government Employees Insurance Co. v. Strut, 758 F. Supp. 3d 140, 149 (W.D.N.Y. 2024). *See also* Palin v. New York Times Co., 113 F.4th 245, 279 (2d Cir. 2024) ("Palin never attempts any effort at developed argumentation . . . . Because the issue is adverted to in only a perfunctory manner . . . it is likely forfeited"); United States v. Gray, 2015 WL 13842750, at *14 (W.D.N.Y.), adopted, 2015 WL 13842748 (W.D.N.Y. 2015) ("[s]ince this motion . . . makes only skeletal arguments as to why the . . . search warrant was deficient, I recommend that it be denied").

Matar also "requests a hearing pursuant to *Franks* [Franks v. Delaware, 438 U.S. 154 (1978)]  as the allegations contained in the search warrant applications contain information that the Government knew or should have known to be false at the time it was offered to the Court". Barone Affirmation [28] at 3, ¶6. Again, he fails to elaborate by identifying which allegations he refers to, or what information was false.

A defendant seeking a Franks hearing "is required to make allegations of deliberate falsehood or of reckless disregard for the truth . . . accompanied by an offer of proof[,] with the defendant's allegations pointing out specifically the portion of the warrant affidavit that is claimed to be false and being accompanied by a statement of supporting reasons." United States v. Sandalo, 70 F.4th 77, 85 (2d Cir. 2023). Thus, the standard for obtaining a Franks hearing is "a heavy one that requires more than a mere conclusory showing". Id. at 86. Matar has failed to satisfy that standard.

In addition to pointing out why the warrants were valid (government's Response [31] at 3-10), the government argues that suppression is not warranted because the warrants were relied upon in good faith. Id. at 10-13. Although Matar had the opportunity to respond to this

argument (Third Amended Scheduling Order [25], ¶3), he failed to do so, thereby conceding the point. *See* Dean v. University at Buffalo School of Medical and Biomedical Sciences, 804 F.3d 178, 187 (2d Cir. 2015) ("given their failure to address [the argument] . . . Defendants conceded that issue"); Gustavia Home, LLC v. Hoyer, 362 F. Supp. 3d 71, 86 (E.D.N.Y. 2019) ("a party concedes through silence arguments made by its opponent that it fails to address"); CVS Pharmacy, Inc. v. Press America, Inc., 377 F. Supp. 3d 359, 383 (S.D.N.Y. 2019) ("a party may be deemed to have conceded an argument by failing to address it in its briefing").

The government cross-moves for the production of reciprocal discovery pursuant to Rule 16(b). Government's Response [31] at 17-18. "Rule 16 . . . imposes reciprocal discovery obligations on defendants." United States v. Smith, 985 F. Supp. 2d 506, 522 (S.D.N.Y. 2013). Since Matar has not opposed this request, it is granted.

## CONCLUSION

For these reasons, the government's cross-motion for reciprocal discovery is granted, and I recommend that Matar's motion to suppress be denied.

Unless otherwise ordered by District Judge Arcara, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by July 9 , 2025.  Any requests for extension of this deadline must be made to District Judge Arcara.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: June 25, 2025

/s/   Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge