IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

     v.                                        24-CR-59-A

HADI MATAR,

        Defendant.

---

## NOTICE OF MOTION AND MOTION

THE UNITED STATES OF AMERICA, by and through its attorney, Michael DiGiacomo, United States Attorney for the Western District of New York, and Timothy C. Lynch, Assistant United States Attorney, moves for a six-week extension of time to file its CIPA Section 4 motion, which is presently due by December 4, 2025.

DATED: Buffalo, New York, November 21, 2025.

                                                MICHAEL DIGIACOMO
                                                United States Attorney

             BY:    s/TIMOTHY C. LYNCH
                       Assistant United States Attorney
                       United States Attorney's Office
                       Western District of New York
                       138 Delaware Avenue
                       Buffalo, New York 14202
                       716-843-5846
                       Timothy.Lynch@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

      v.                                                        24-CR-59-A

HADI MATAR,

            Defendant.

## **DECLARATION**

TIMOTHY C. LYNCH, states under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am an Assistant United States Attorney for the Western District of New York and am assigned to prosecute this case together with Assistant United States Attorney Charles M. Kruly. This declaration is submitted in support of the government's motion for a three-week extension of time for the government to file its Classified Information Procedures Act (CIPA) Section 4 motion.

2. The defendant is charged in a three-count indictment with attempting to provide material support to a designated foreign terrorist organization—that is, Hizballah—in violation of 18 U.S.C. § 2339B(a)(1); committing an act of terrorism transcending national boundaries, in violation of 18 U.S.C. § 2332b(a)(1)(A); and providing material support to terrorists, in violation of 18 U.S.C. § 2339A. *See* ECF No. 1. These charges stem from the defendant's attempted murder of the author Salman Rushdie at the Chautauqua Institution on August 12, 2022. The indictment alleges that the defendant attempted to murder Mr.

Rushdie to carry out a 1989 *fatwa* issued by Iran's Ayatollah Khomeini, which called for Mr. Rushdie's execution. Hizballah's Secretary General, Hassan Nasrallah, endorsed the *fatwa* in a 2006 speech.

3. As the government explained at the November 14, 2025 status conference, this matter involves classified information, and therefore, CIPA is implicated. CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the government's right to protect classified material in the national interest." *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996). Indeed, CIPA "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial." *United States v. Apperson*, 441 F.3d 1162, 1193 n.8 (10th Cir. 2006).

4. The government has identified and reviewed information relating to this prosecution that is currently classified and some of which it believes might be relevant and helpful to the defense. However, due to commitments on other matters and the fact that co-counsel, AUSA Charles M. Kruly, and I must prepare the motion at workstations located at the Federal Bureau of Investigation, it the motion is taking longer to draft than originally contemplated. However, the motion is nearly finalized, and then it will be sent for review by members of the Department of Justice and the relevant intelligence agencies who have a stake in the classified information implicated in the government's proposed motion.

5. At the last week's court appearance, I explained to the Court the government needed more time to file its CIPA Section 4 motion and noted that a mid-January 2026 filing

date was more realistic. The defense did not object to this timeline. The Court thereafter ordered the trial to begin on June 16, 2026, and Speedy Trial Act time is excluded through that date. Based on the information in this affidavit and my statements in court on November 14, 2025, the government is requesting the Court to extend the government's deadline to file its CIPA Section 4 motion to Friday, January 16, 2026.

DATED: November 21, 2025
           Buffalo, New York

                                        MICHAEL DIGIACOMO
                                        United States Attorney

                    BY:    s/TIMOTHY C. LYNCH
                            Assistant United States Attorney
                            United States Attorney's Office
                            Western District of New York
                            138 Delaware Avenue
                            Buffalo, New York 14202
                            716-843-5846
                            Timothy.Lynch@usdoj.gov