UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════════

UNITED STATES OF AMERICA,

           **v.**                                       **REVISED PRETRIAL ORDER**
                                                         24-CR-59-A

HADI MATAR,

                         Defendant.

═══════════════════════════════════════

## I.    SCHEDULE

**Jury selection** for this matter is scheduled for **Tuesday, July 21, 2026, at 9:30 a.m.**, at the United States Courthouse, 2 Niagara Square, Buffalo, New York.  This is a day-certain trial date that will not be adjourned.  Jury selection will continue for full days until a jury has been selected.  Presentation of proof will begin after jury selection and continue from day-to-day until completed. Unless otherwise indicated, the daily schedule will be 9:30 a.m. until approximately 5:00 p.m., with a lunch break and/or mid-day break for Judge Arcara's other proceedings.  While counsel and the parties should plan on this schedule, the Court will discuss the schedule with the parties more specifically at the pretrial conference.

A **Final Pretrial Conference** is scheduled for **Thursday**, **July 16, 2026, at 2:00 p.m.**  Counsel responsible for trying the case **must** be present at the Final Pretrial Conference.

Counsel must immediately notify this Court if a pretrial resolution of this matter has been reached.  The Court encourages the Government to set a deadline for disposition of the case by plea, which allows for the orderly disposition of cases and avoids needless effort and expense of counsel and the Court.

II.     **PRETRIAL SUBMISSIONS**

Unless otherwise indicated below, the following pretrial submissions must be filed and served via CM/ECF.  Each submission shall be filed under separate cover.

A.     ***Voir Dire* Preparation**:  Each party may submit up to ten total proposed *voir dire* questions relating to any questions of law or fact that will be relevant to issues to be tried, on or before **June 16, 2026**.  Additional questions will be considered only upon a showing of good cause.  Failure to submit a list of proposed questions constitutes a waiver of any requests by that party. Counsel shall be prepared to discuss the proposed *voir dire* at the Final Pretrial Conference.  The Court will conduct the *voir dire*.

B.     **Joint Statement of the Case, and Summary of Charges**:  The parties shall discuss and work to agree on a concise statement of the case for

the Court to use with the jury venire.  Each party shall also prepare proposed summaries of the charges in the Indictment, which may be used by the Court in lieu of reading the entirety of those charges during jury selection and in the preliminary instructions to the jury.

The parties do <u>not</u> have to file these submissions, all due by **June 16, 2026**, on CM/ECF as part of their pretrial submissions.   Rather, the parties should submit electronic copies to the Court in <u>Microsoft Word format</u>, via email to Lisa Staff at Lisa_Staff@nywd.uscourts.gov.

**C.**      **<u>Jencks Act (18 U.S.C. § 3500) Material</u>**

If the Government has not yet done so, the Government shall disclose Section 3500 material <u>no later than THIRTY DAYS prior to the trial</u>.  This practice avoids lengthy delays during trial and affords the defense a reasonable opportunity to review this material.

The Government shall prepare and submit a separate § 3500 exhibit list using the Court's form, a copy of which is attached.  Two courtesy copies of each § 3500 exhibit shall be tabbed for reference and bound in separate three-ring binders and provided to the Court at the Final Pretrial Conference.

**D.**      **<u>Exhibit Lists and Exhibits</u>**

The Government must file, by **June 16, 2026**, an exhibit list that briefly describes each proposed exhibit.  This list <u>must include</u> all exhibits that the

Government intends to use in its case-in-chief.  The Defendant must file, by **June 30, 2026**, an exhibit list containing any exhibits that he expects to introduce in his direct case.  To the extent that there are joint exhibits, those exhibits shall be listed <u>only</u> on the Government's exhibit list.

Exhibits that the parties reasonably anticipate will be used during cross-examination for impeachment, to refresh a witness's recollection, or otherwise, must also be included in the exhibits lists.

<u>The parties shall use the Court's form, a copy of which is attached, in preparing the exhibit lists.</u>  Failure to list an exhibit may result in preclusion of that exhibit at trial.  All exhibits shall be <u>pre-marked by number only</u> and any sub-exhibits shall be <u>pre-marked alphabetically</u>.  All exhibits on the exhibit lists must be physically tagged and marked with the appropriate stickers prior to the commencement of the trial.

Counsel shall confer before submitting exhibit lists and must identify the exhibits for which admissibility will not be contested, and those they will stipulate into evidence.  Counsel shall be prepared to discuss stipulating exhibits into evidence at the Final Pretrial Conference.  **Notwithstanding any agreements reached by counsel, all exhibits (including joint exhibits) must be formally moved into evidence at the appropriate time during trial**.

At the Final Pretrial Conference, each party must provide the Court with two courtesy copies of each exhibit, with each set "tabbed" for reference and

bound in a three-ring binder.  Each party must also provide the Court with a complete set of documentary exhibits in electronic format (*e.g.*, disc or flash drive).  **Counsel should <u>not</u> file a copy of the exhibits on CM/ECF.**

### E.    <u>Witness Lists</u>

Each party shall file a list of the names and addresses (identifying only the city, town, or village, and the state) of all prospective witnesses and a brief summary of their anticipated testimony, including the anticipated date and length of testimony (in hours and minutes).  The Government's witness list shall be filed by **June 16, 2026,** and Defendant's list shall be filed by **June 30, 2026**.

<u>Care should be taken in preparing the summaries and estimates.</u>  The Court relies on the summaries to prepare for evidentiary issues that may arise and relies on the estimates of the duration of witnesses' testimony to help decide when to take breaks during the trial.  If the summaries or estimates of the duration of testimony prove inadequate to allow for orderly conduct of the trial, counsel will be ordered to revise them.  The list of witnesses must include rebuttal witnesses, but their anticipated testimony need not be summarized.  Failure to meet these requirements with respect to any witness may result in preclusion of testimony by that witness.

**F.      Expert Witness Lists, and Expert Testimony**

The parties shall provide the Court and opposing counsel with the identity, addresses (identifying only the city, town, or village, and the state), and a brief summary of the qualifications and expected testimony of all expert witnesses, including the anticipated date and length of testimony (in hours and minutes).  The Government's expert witness list shall be filed by **June 16, 2026**, and Defendant's expert list shall be filed by **June 30, 2026.**

If any proposed expert witness will also offer lay testimony as a fact witness, the party calling the witness shall include a proposed limiting instruction to prevent confusion on the part of the jury.  Failure to include an expert witness on the expert witness list may result in preclusion of testimony by that witness.  The Court encourages counsel to stipulate to each expert witness's qualifications before the Final Pretrial Conference.

The parties must comply with all the expert disclosure requirements listed at Fed. R. Crim. P. 16(a)(1)(G) (Government) and 16(b)(1)(C) (Defendant). Failure to comply may result in preclusion of the testimony.

**G.      Stipulations**

The parties should consider appropriate stipulations concerning undisputed facts or testimony – especially stipulations that would relieve custodians of business records and chain-of-custody witnesses from appearing at trial.

If the Government wishes to present proof by stipulation, it must submit to opposing counsel proposed stipulations of fact or testimony by **June 16, 2026**, with a request that Defendant agree to the stipulations.  Defendant shall notify the Government as soon as possible, but no later than **June 30, 2026**, whether he will agree to the proposed stipulations.

The parties do **not** have to file proposed or agreed-upon stipulations on CM/ECF as part of their pretrial submissions.   Rather, by **June 30, 2026,** the parties shall submit electronic copies of any agreed-upon stipulations to the Court in Microsoft Word format, via email to Lisa Staff at Lisa_Staff@nywd.uscourts.gov.

The Court will discuss both the proposed and any agreed-upon stipulations with the parties at the Final Pretrial Conference.

**H.      Impeachment of Witnesses Under Fed. R. Evid. 608 and 609**

Both the Government and Defendant must file a notice (the Government by **June 16, 2026**, and Defendant by **June 30, 2026**) if they intend to impeach any witness – including Defendant, should he choose to testify – by evidence of his or her character or specific instances of conduct, under Fed. R. Evid. 608, or by evidence of a prior conviction, under Fed. R. Evid. 609.

The notice shall include the specific nature of the proposed impeachment evidence, including the dates of the prior acts or convictions, and citation to relevant case law that may assist the Court in determining admissibility.  A party

who files such a notice must attach copies of any relevant exhibits it seeks to introduce.

### I.    Evidence of Other Crimes, Wrongs or Acts Under Fed. R. Evid. 404(b)

The Government must file a notice by **June 16, 2026,** if it intends to introduce evidence of other crimes, wrongs, or acts under Fed. R. Evid. 404(b), whether in its case-in-chief or as rebuttal evidence.

The notice must set forth the specific nature of any such evidence, including the dates of the prior crimes, wrongs or acts, the specific purpose(s) under Fed. R. Evid. 404(b) for which the evidence is being introduced, and citation to any case law that would assist the Court in determining admissibility. The Government must attach to the notice copies of any relevant exhibits it seeks to introduce.

### J.    Tapes and Transcripts

On or before **June 16, 2026**, the Government must submit to the Court and opposing counsel the final version of any transcripts of tapes of electronic eavesdropping or monitoring that it intends to submit to the jury.  Transcripts do **not** have to be filed with pretrial submissions.

Defendant must file any objection to the transcripts or move against them by no later than **June 30, 2026,** and is directed to follow the procedures set forth in subsection K.

### K.      **Pretrial Memoranda and Motions *in Limine***

By **June 16, 2026**, the Government shall file a pretrial memorandum outlining the facts it expects to prove at trial and legal arguments to be made. The Government shall address any legal issues, including any foreseeable evidentiary issues, it expects to arise at trial that the Court should consider in order to expedite the trial.  To the extent the Government reasonably expects to offer an exhibit into evidence, or to ask a question during cross-examination that is reasonably likely to require a cautionary instruction, a **proposed cautionary instruction** shall be included as part of this submission.

On or before **June 30, 2026**, Defendant may file pretrial memoranda either in response to the Government's submission or concerning his own issues, supplementing or contesting the facts outlined in the Government's pretrial memorandum and addressing any additional legal or evidentiary issues he expects to arise at trial.

The parties shall mention any proposed or agreed-upon stipulations in their pretrial memoranda, and as previously noted, also submit any agreed-upon stipulations to the Court in electronic format by **June 30, 2026**.

By **June 16, 2026**, the Government must file any motions *in limine* seeking to admit or exclude evidence, or to authorize or preclude questioning or argument.  Defendant must file any motions *in limine* by **June 30, 2026**, and/or

any oppositions to the Government's motions *in limine*.  The Government must file any opposition to Defendant's motions *in limine* by **May 27, 2026.**

All motions *in limine* and corresponding opposition papers must be accompanied by memoranda of law that include citations to legal authority, to assist the Court in resolving the motions.  <u>These papers shall be filed separately from the parties' pretrial memoranda.</u>  The Court will hear oral argument on the motions *in limine* at the Final Pretrial Conference, if deemed necessary, or may schedule argument on a separate date.

Surprises and gamesmanship have no place in a trial and benefit neither side.  It is in everyone's interest that the Court be aware of potential problems in advance so that it may carefully consider the parties' respective positions before deciding evidentiary issues.  Not all issues can be anticipated, but many evidentiary issues can be, *e.g.,* (1) the possibility that witnesses assert their Fifth Amendment rights; (2) impeachment of witnesses or a defendant by character evidence, specific instances of conduct, or evidence of prior conviction; (3) admissibility of other crimes, wrongs, or acts to prove intent, motive, etc. under Fed. R. Evid. 404(b); (4) authentication of tapes and voice identification; (5) obvious hearsay problems; (6) prior inconsistent statements; and (7) objections to expert testimony.  The parties <u>must</u> advise the Court of any significant evidentiary or proof problems that may arise.

**L.      Jury Instructions and Verdict Forms**

By **June 16, 2026**, the Government must file a <u>complete</u> set of proposed jury instructions, general and substantive, that addresses the general instructions to be given at the close of trial, any instructions on the specific offenses charged, and any instructions on issues particular to this case.

Each proposed instruction must be consecutively numbered, set forth on a separate page, and include citations to the source or authority for the charge in a footnote or at the end of each instruction.  Each proposed instruction shall be taken from L. Sand, et al., <u>Modern Federal Jury Instructions</u>, unless a suitable charge is not included in Sand.  In that case, the Government may submit an alternative charge, if it is supported by strong legal authority.  **<u>If the instruction is modified from a form instruction, the Government must so indicate.</u>**

The proposed instructions are to be presented in a logical sequence, and this submission must include an index or a table of contents.

Defendant may file any objections to the Government's proposed instructions and/or any additional charge requests, in the same manner and format as set forth above, by no later than **June 30, 2026**.

The Government may file objections to any proposed jury instructions by Defendant <u>any time before the Final Pretrial Conference</u>.

Any other proposed instructions from either party, based on events that occurred during the trial, must be filed <u>as soon as practicable</u> using the procedures set forth above.

If counsel fails to timely submit a proposed charge, that charge might not be considered by the Court.

The Government shall also file its proposed general or special verdict forms (the latter, if applicable) by **June 16, 2026**.  Even if a proposed verdict form is quoted in proposed charges, the Government shall submit <u>separately</u> a proposed verdict form.  Defendant shall file any response to the Government's proposals and/or any alternative special verdict form by no later than **June 30, 2026.**

<u>In addition</u> to filing proposed jury instructions and proposed verdict forms, the parties shall also provide electronic copies to the Court in <u>Microsoft Word format</u>, via email to Lisa Staff at Lisa_Staff@nywd.uscourts.gov.

The parties are reminded that these submissions are to be regarded as proposals, intended to assist the Court in formulating its own final instructions to the jury and verdict form.  The Court will conduct a jury charge conference with counsel – and inform counsel of the Court's intended jury charge and the general or special verdict sheet it intends to use – prior to closing arguments. Counsel may object to the intended instructions or request additional or alternative instructions at that time.

III.    **<u>JURY SELECTION</u>**

In most cases, the Court will pick a twelve-person jury plus two to four alternates.  The Court will use the Struck Method of jury selection.

At the Final Pretrial Conference, we will discuss the number of peremptory challenges permitted by Fed. R. Crim. P. 24, as well as other details of jury selection.

IV.    **<u>TRIAL</u>**

The Court will advise counsel of its daily schedule so that arrangements can be made for witnesses, etc.

Counsel should have witnesses ready to testify so that there are no gaps in testimony during the trial and are responsible for having witnesses available as needed.  Upon request, the Court is not opposed to taking witnesses out-of-turn to accommodate experts and other non-party witnesses.

Counsel are encouraged to discuss the scheduling of witnesses with each other as early as possible.  In any event, at latest by the conclusion of each trial day, counsel must advise the Court and opposing counsel of the witnesses expected to be called the following day.

Jury time is valuable time, and the Court will not tolerate the squandering of this time with bench conferences concerning matters that could be resolved before the jury is summoned, during breaks, or in the evening.

For example, if the Court recesses to 9:30 a.m., it is expected we will begin the presentation of proof at that time.  If counsel expects problems or needs to speak with the Court, they must arrange to meet with the Court at a time <u>before</u> the jury is scheduled to arrive, or in the evening after the jury has been excused for the day.  **Nothing aggravates jurors more than waiting, without explanation, for long periods of time while counsel resolve matters that could have been resolved sooner.**

The Court may set time limits for opening statements and closing arguments, and it is expected that counsel will adhere to those limits.

Any additional Courtroom procedures will be discussed at the Final Pretrial Conference.

**IT IS SO ORDERED.**

_s/Richard J. Arcara_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  May 5, 2026
Buffalo, New York

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EXHIBIT LIST

Case No. _____

Date: _____

_____ Government

_____ Defendant

| Ex. No. | DESCRIPTION | DATE | |
|---|---|---|---|
| | | Marked for Identification | In Evidence |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

|  |  |  |  |
|--|--|--|--|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |